[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12682
Non-Argument Calendar

_____

D. C. Docket No. 06-00216-CV-BH-C

KIM McCLOUD,

Plaintiff-Appellant,

versus

JOHN E. POTTER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 3, 2007)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Kim McCloud, an African-American woman with a herniated disk

in her back, appeals, through counsel, the district court's grant of the U.S. Postal Service's ("USPS") motion for summary judgment as to her complaint alleging racial, gender, and disability discrimination, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et. seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et. seq.*, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et. seq.*, as well as retaliation.[1]  On appeal, McCloud argues that the district court erred in granting summary judgment as to her racial and gender discrimination claims because USPS's articulated reason for its decision against her – denying her discretionary "light duty" work because she did not meet the 20-pound lifting limit required to receive this work – was pretextual, and this was a question of fact for which summary judgment was not appropriate.

We review a grant of summary judgment *de novo*.  *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1161-62 (11th Cir. 2006). In analyzing a case on summary judgment, we must consider all of the evidence "in the light most favorable to the nonmoving party," and make all reasonable inferences in favor of the nonmoving party.  *Maniccia v. Brown*, 171 F.3d 1364,

---

[1] As an initial matter, McCloud does not challenge the court's findings regarding her disability discrimination and retaliation claims, and therefore, she has abandoned these claims on appeal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("[w]hen an appellant fails to offer argument on an issue, that issue is abandoned," and passing references to the issue are insufficient to prevent abandonment).

1367 (11th Cir. 1999) (citation omitted). Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c).

Where, as here, there is no "direct evidence" of discrimination, the plaintiff still may prevail by presenting circumstantial evidence of discrimination under the framework established in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973). *See Morrison v. Booth*, 763 F.2d 1366, 1371 (11th Cir. 1985). Under this framework, "[t]he plaintiff first has the burden of proving a *prima facie* case of discrimination by a preponderance of the evidence. The burden then shifts to the defendant to articulate some legitimate nondiscriminatory reason for the alleged discrimination. If the defendant produces such a reason, the plaintiff must then prove that the legitimate reason offered was a mere pretext for an illegal motive." *Mulhall v. Advance Sec. Inc.*, 19 F.3d 586, 597 (11th Cir. 1994) (internal quotations omitted).

To establish a *prima facie* case of disparate treatment, a plaintiff must show that: "(1) [s]he belongs to a [protected class]; (2) [s]he was subjected to adverse job action; (3) [her] employer treated similarly situated employees outside [her]

3

classification more favorably; and (4) [s]he was qualified to do the job." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). If the plaintiff establishes a *prima facie* case, the defendant's burden is only to produce some legitimate, non-discriminatory reason for its actions, and that "burden is exceedingly light." *Turnes v. AmSouth Bank, NA*, 36 F.3d 1057, 1060-61 (11th Cir. 1994) (internal citations and quotations omitted). To show pretext, a plaintiff must "demonstrate that the proffered reason was not the true reason for the employment decision. The plaintiff may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Jackson v. State of Alabama State Tenure Comm'n.*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quotation and alterations omitted).

After reviewing the record and reading the parties' briefs, we conclude that the district court properly granted summary judgment on McCloud's racial and gender discrimination claims based on its conclusion that McCloud neither alleged a *prima facie* case, nor rebutted USPS's legitimate, non-discriminatory reason for denying her light duty. McCloud was unable to show any proper comparators because no other employees were similarly situated, but treated differently. Even assuming that McCloud had presented a *prima facie* case, however, she still failed

4

to rebut USPS's legitimate reason for denying her light duty request, based on the company's policy of denying light duty to all employees with a lifting limit of less than 20 pounds. Therefore, the district court properly granted summary judgment because McCloud did not show that she was discriminated against based on her race or gender. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**